IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELANIE CHADWICK,

        Plaintiff,                                  Case No.

v.                                                     Judge
                                                        Magistrate Judge
EVICORE HEALTHCARE MSI, LLC.,      JURY DEMAND
                Defendant.
_____/

## COMPLAINT

Despite knowledge of Ms. Chadwick's serious seizure disorder, and her requests for both an accommodation and FMLA leave, eviCore engaged in a pattern of disability discrimination and retaliation when it continued to write up Ms. Chadwick for absences related to her seizure disorder. Defendant eviCore also improperly calculated Ms. Chadwick's availability for FMLA leave. Even after being told that Ms. Chadwick was eligible for FMLA leave, her supervisor continued to write her up resulting in her discharge and interference with her FMLA rights. Accordingly, Ms. Chadwick files the instant Complaint for violations of the FMLA and the TDA.

## PARTIES

1. Plaintiff, Ms. Chadwick, ("Plaintiff" or "Ms. Chadwick") is a citizen and resident of Madison, Davidson County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Franklin, Tennessee location.

2. Defendant eviCore Healthcare MSI, LLC ("eviCore") is a Tennessee licensed limited corporation. It's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. At all material times, Defendant has been an employer as defined by the FMLA and under state law.

1

3. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2017 and/or 2018 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

## JURISDICTION AND VENUE

4. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I) and the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II)[1].

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

6. Plaintiff, Melanie Chadwick, was employed by Defendant from September 2015 until July 2016, and again from April 2018 until her termination on March 21, 2019.

7. Ms. Chadwick suffers from a seizure disorder that affects various major bodily systems including the neurologic systems.

8. Ms. Chadwick is a qualified individual with a disability under 29 C.F.R. §1630.2(h).

9. Defendant is a Franklin, Tennessee-based company that operates a healthcare management company.

10. Ms. Chadwick's most recent job position with Defendant was as a post-acute care coordinator. The essential functions of her job were to review home health services.

---

[1] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 30, 2019, and she intends to amend this Complaint to add discrimination and retaliation claims pursuant to the Americans with Disabilities Act – ADA- once her Charge is administratively exhausted.

11. In 2018, Ms. Chadwick began to experience increasing incidents of seizures and was under a doctor's care.

12. After she experienced a seizure, she was groggy and unable to focus. Often, she would involuntarily injure herself during a seizure. She also experienced catatonic seizures during which she was still and could appear to be staring off into space or sleeping.

13. In 2018, Ms. Chadwick reported to Rob Bacon, who was the supervisor of the Home Health Department.

14. Ms. Chadwick notified Mr. Bacon of her seizure disorder.

15. On or about July or August 2018, Ms. Chadwick contacted Cigna, eviCore's Third Party Administrator ("TPA") and requested a reasonable accommodation for her disability. Ms. Chadwick received a letter dated August 2, 2018, from Cigna, which acknowledged her request for accommodation and enclosed paperwork to be filled out.

16. Sometime in 2018/2019, Brandi Turpin became the interim supervisor in Ms. Chadwick's division.

17. Ms. Chadwick notified Ms. Turpin of her seizure disorder and requested to work from home the day following a seizure. Ms. Turpin did not direct her to Human Resources, did not tell her that she could request an accommodation, and did not tell her that she could request FMLA leave once she had met the eligibility requirements.

18. Instead, after Ms. Chadwick notified Ms. Turpin of her disability, Ms. Turpin engaged in a pattern of discrimination and retaliation.

19. On November 5, 2018, Ms. Turpin issued a Verbal Coaching to Ms. Chadwick for attendance. The coaching admitted that Ms. Chadwick had disclosed her illness and requested to work from home:

> I expressed my concern for Melanie's wellbeing and also expressed my appreciation for Melanie sharing the personal details of her illness with me, although she did not have to. Melanie has been alerted to the fact that her health plan covers annual physicals as well as some mental health benefits and was reminded that there is an EAP program for employees. Melanie was directed to reach out to EAP and PRC@evicore.com for further direction. I also clarified for Melanie that although we were able to accommodate her one time to work from home when she didn't feel well, that we could not do this ongoing as she is not currently eligible to work remotely.

20. On or about December 7, 2018, Ms. Chadwick obtained Request for Accommodation paperwork and took it to her doctor to be completed.

21. On December 26, 2018, Ms. Chadwick was given a Written Warning for attendance for 2 hours of PTO on 12/19/18, 8 hours of PTO on 12/20/18, and 3.75 hours PTO and 4.25 hour of no pay on 12/21/18.

22. Defendant eviCore's practice of writing Ms. Chadwick up for disability related absences was because of her disability.

23. On January 11, 2019, Ms. Chadwick received a Final Written Warning for attendance for 4.75 hours of PTO and 3.25 hours of no pay on 1/11/19.

24. On or about January 26, 2019, Ms. Chadwick's doctor completed and submitted the Request for Accommodation, stating that Ms. Chadwick had trouble working or concentrating immediately after a seizure possibly lasting for 1-2 hours, and the she should be accommodated by working from home. The form also said that Ms. Chadwick was to be evaluated by a neurologist and "please excuse her work absences that are related to seizures." Further, the document stated, "Please accommodate Melanie as seems appropriate while she pursues full evaluation of her seizure disorder."

25. In direct contravention of the Request for Accommodation, eviCore refused to excuse Ms. Chadwick's seizure-related absences and continued its pattern of writing her up.

eviCore refused to grant her any accommodations.

26. In fact, on February 4, 2019, eviCore again wrote up Ms. Chadwick, describing her requests for accommodation to work from home after her seizure as a "personal issue."

27. On February 18, 2019, eviCore gave Ms. Chadwick a "Final Written Warning," stating that "it was brought to our attention on 2/14/19 that you were sleeping on the job." In fact, Ms. Chadwick was experiencing a seizure.

28. On March 11, 2019, Ms. Chadwick received an email from Ellen Phelan, eviCore's HR Leaves and ADA Specialist. Ms. Turpin was copied on the email. The email stated that due to Ms. Chadwick's previous employment with eviCore, she did have enough time to be eligible for FMLA leave: "When they looked at the time worked and hours worked in combination with your recent employment history, it appears you are eligible for FMLA. They will correct your eligibility in the system today and make the updates and send you some information."

29. On March 12, 2019, Ms. Chadwick received another email from Ellen Phelan, eviCore's HR Leaves and ADA Specialist, stating "I see that they have changed your claim below to eligible for FMLA."

30. On March 15, 2019, Ms. Chadwick was presented with an "Improvement Plan" which was dated March 15, 2019.

31. Each time that Ms. Chadwick was written up, she explained that she was undergoing treatment for a seizure disorder, which caused her to miss work, and requested that she be given an accommodation and that the days missed be counted as FMLA time.

32. On March 18, 2019, Ms. Chadwick, she was presented with another Final Written Warning, writing her up for absences related to her seizures.

33. At the March 18, 2019 meeting Ms. Chadwick informed eviCore that she has

5

requested FMLA leave and that she was informed on March 12, 2019 that she was eligible for FMLA leave.

34. Again, Ms. Chadwick stated that she was eligible for FMLA leave and requested an accommodation of time off. Frustrated that her requests for accommodation were not being considered and that her FMLA rights were being interfered with and upset that she was written up again, she refused to sign the Final Written Warning.

35. Defendant eviCore refused to allow Ms. Chadwick to take any time off work for her disability and/or serious health condition.

36. On March 18, 2019, Ms. Chadwick was constructively discharged.

37. On March 22, 2019, after her discharge, Ms. Chadwick received notice from Cigna, eviCore's TPA, that her requests for FMLA leave and Medical Leave were "Eligible – Pending Determination" and that her request for STD leave was "Pending Determination." That same day, she received a notice that she was eligible for FMLA leave as of April 10, 2019, and that her request for FMLA leave from 4/10/19 – 5/1/19 was Eligible-Pending Determination.

38. Nonetheless, eviCore refused to either return Ms. Chadwick to work or to grant her any medical leave.

## Count I
## Violation of FMLA- Interference and Retaliation

39. Plaintiff restates and incorporates herein the foregoing paragraphs.

40. Defendant both interfered with Plaintiff's FMLA rights and retaliated against her for requesting FMLA protected leave.

41. Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

42. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

43. Plaintiff was entitled to receive FMLA leave to care for her serious health condition.

44. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested FMLA, including but not limited to, refusing to grant her medical leave, refusing to grant her accommodations, penalizing her for taking protected medical leave, and refusing to grant her FMLA leave.

45. Plaintiff was entitled to receive FMLA on an intermittent and on a continuous basis.

46. Defendant's actions constitute both an interference and a retaliation violation of the FMLA.

47. Defendant's action of refusing to allow Plaintiff 12 weeks of FMLA leave and refusing to allow her to take intermittent leave interfered with her rights under the FMLA.

48. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

49. Defendant's conduct harmed and caused damage to Plaintiff.

50. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### Count II
### Violation of TDA- Disability Discrimination/Retaliation

51. Plaintiff restates and incorporates herein the foregoing paragraphs.

52. Plaintiff was a qualified individual with a disability.

53. Plaintiff was discriminated against due to her disability.

54. Plaintiff was subjected to a hostile work environment and adverse employment actions because of her disability and complaints of disability discrimination. The adverse

employment actions included write ups due to absences for her disability, characterizing her seizures as a "personal issue," and writing her up for "sleeping on the job," when she was, in fact, experiencing a seizure.

55. Plaintiff experienced retaliation in the forms of adverse actions culminating in her discharge after she objected and protested the way she was being treated after disclosing her disability.

56. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits, including her health insurance at a time when she desperately needed it.

57. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, medical costs, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement for medical costs due to the loss of her insurance;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled under the FMLA, TDA, and any other statutory or common law.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*